IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANE SINGER; BRIAN VALENTIN and KELLY VALENTIN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS L.P., successor-in-interest to THE ANSUL COMPANY; NATIONAL FOAM; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; and COUNTY OF SUFFOLK,<br><br>                Defendants. | CIVIL ACTION NO. _____<br><br><br><br><br><br><br>*Removed from the Supreme Court of New York for Suffolk County.*<br><br>Index No. 619612/2017 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that National Foam, Inc., ("National Foam"), by and through undersigned counsel, hereby files this removal of the state court action entitled *Diane Singer, et al. v. The 3M Company, et al.*, currently pending in the Supreme Court of New York for Suffolk County, Index No. 619612/2017, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**A.**    **State Court Proceedings**

1.    Named Plaintiffs commenced the above-captioned civil action, individually and on behalf of a putative class ("Plaintiffs"), in the Supreme Court of New York for Suffolk County by filing a complaint on October 10, 2017 (the "Complaint" or "Compl.") against The 3M Company ("3M"), Tyco Fire Products L.P., the Ansul Company, National Foam, Buckeye Fire Protection

1

Company, Chemguard Inc., and the County of Suffolk (collectively, "Defendants").[1] Plaintiffs allege, *inter alia*, that Defendants produced a defective product, aqueous film-forming foams ("AFFF"), containing allegedly hazardous chemicals,[2] which contaminated Plaintiffs' properties and to which they were exposed.[3]

2. On November 1, 2017, National Foam was served with the Summons and the Complaint.[4]

3. Other than the filing of stipulations of extension of time for various defendants to respond to the Complaint, there have been no further proceedings in this action in the Supreme Court of New York for Suffolk County.

4. The time for removal does not begin to run until the removing defendant is formally served with process.[5] National Foam was served with the Summons and the Complaint on November 1, 2017.[6] National Foam files this notice of removal less than 30 days from the date of service of the Summons and the Complaint. Accordingly, this Notice of Removal is timely filed.[7]

5. National Foam will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York for Suffolk County.[8]

---

[1] A copy of the pleading filed in the Supreme Court of Suffolk County, New York, is attached to this Notice of Removal as **Exhibit A**.

[2] Plaintiffs allege that AFFF contains perfluorooctanesulfonic acid ("PFOS") and related fluorochemicals that can degrade to perfluorooctanoic acid ("PFOA") or PFOS. *See* Compl. ¶ 3.

[3] *See* Compl. ¶ 24-27.

[4] The Complaint identifies National Foam, Inc. as a Pennsylvania corporation with a place of business at 350 East Union Street. Westchester, Pennsylvania. Compl. ¶62. National Foam is a Delaware corporation with its headquarters in Angier, North Carolina. A copy of the Summons is attached hereto as **Exhibit B**.

[5] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).

[6] *See* n. 4, *supra*.

[7] *See* 28 U.S.C. § 1446(b)(1).

[8] A copy of the Notice of Filing of Notice of Removal, as being submitted to the Supreme Court of New York for Suffolk County, is attached hereto as **Exhibit C**.

**B.    Removal Of This Action Is Proper Under The Class Action Fairness Act.**

6.    This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). "CAFA vests district courts with original jurisdiction over class actions where: (1) the putative class is composed of at least 100 members; (2) any class member is diverse from any defendant; and (3) the aggregate amount in controversy exceeds five million dollars, exclusive of interest and costs."[9]

7.    The consent of all defendants to CAFA removal is not required.[10] Nevertheless, all defendants served in this action have either consented to or do not oppose its removal.[11]

**1.    The numerosity requirement is satisfied.**

8.    The Complaint specifically alleges that there are "thousands" of members of the putative class.[12] Accordingly, the action satisfies the requirement for removal that the sum of members of the putative class or classes equal or exceed 100.[13]

9.    Named Plaintiffs invoke Article 9 of the New York Civil Practice Law and Rules, Section 901, and seek to represent other persons on a class action basis as alleged in the Complaint.

---

[9] *See Brook v. UnitedHealth Grp., Inc.*, No. 06 CV 12954 (GBD), 2007 WL 282708, at *2 (S.D.N.Y. Sep. 27, 2007) (citing 28 U.S.C. § 1332(d)(2)(A)); *See also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2)-(6)) ("In general, CAFA amended the diversity statute to confer federal jurisdiction over certain class actions where: (1) the proposed class contains at least 100 members (the "numerosity" requirement); (2) minimal diversity exists between the parties . . . ; and (3) the aggregate amount in controversy exceeds $5,000,000.").

[10] *See* § 1453(b) ("such action may be removed by any defendant without the consent of all defendants"); *See also, Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Abrego v. Dow Chem. Co*, 443 F.3d 676, 681 (9th Cir. 2006)) (28 U.S.C. § 1453(b) "overrides the former case law requirement that each defendant consent to removal").

[11] *See* Consent to Removal by Defendants County of Suffolk, Tyco Fire Products LP, Chemguard, Inc., and Buckeye Fire Equipment Company, attached hereto as **Exhibit D.**

[12] *See* Compl. ¶¶ 118-19.

[13] *See Brook v. UnitedHealth Grp., Inc.*, No. 06 CV 12954 (GBD), 2007 WL 282708, at *2 (S.D.N.Y. Sep. 27, 2007); 28 U.S.C. § 1332(d)(5)(B).

10. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."[14]

2. **The minimal diversity requirement is satisfied.**

11. This Court possesses "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."[15]

12. Accordingly, this action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." [16]

13. Named Plaintiffs are citizens of New York,[17] while Plaintiffs allege that Defendant The 3M Company is a Delaware corporation "based" in Maplewood Minnesota.[18] Accordingly, "at least one member of a class of plaintiffs is a citizen of a State different from any defendant," in satisfaction of 28 U.S.C. § 1332(d)(2).[19]

---

[14] *See* 28 U.S.C. § 1332(d)(1)(B).

[15] *See* § 1332(d)(2).

[16] *See* § 1453(b).

[17] *See* Compl. ¶¶ 36-51.

[18] *See* Compl. ¶¶ 55-57.

[19] In addition, each other Defendant save for one (the County of Suffolk), is alleged to be incorporated in a state other than the State of New York, and to have its primary place of operation in a state other than the State of New York. *See* Compl. ¶¶ 55-64.

4

### 3. The amount in controversy requirement is satisfied.

14. The amount in controversy in this action exceeds five million dollars ($5,000,000). The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class.[20] A removing defendant must show that it is "reasonably probable" that the aggregate of plaintiffs' claims exceeds five million dollars ($5,000,000).[21] "To determine the amount in controversy, courts first turn to the allegations of the complaint."[22]

15. Plaintiffs seek to recover, *inter alia*, (1) past and future costs of medical care, toxicological exams, diagnoses, and other medical monitoring from experts of class members' choice,[23] and (2) monetary damages to compensate for diminution in property value, loss of use and enjoyment of property, and loss of qualify of life, plus remediation expenses.[24] In addition, Plaintiffs seek to collect punitive damages.[25]

16. From the scope of Plaintiffs' claims, the number of Defendants sued, and the breadth of the damages asserted by Plaintiffs, it is apparent on the face of the Complaint that at the time of this removal, Plaintiffs' claims against Defendants exceed five million dollars ($5,000,000). Alternatively, even if it were not facially apparent from the Complaint that the amount in controversy exceeds five million dollars ($5,000,000), reasonable inferences and

---

[20] *See* § 1332(d)(6).

[21] *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-1238 JS WDW, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) ("To satisfy the jurisdictional amount requirement under CAFA, the removing defendant 'must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million.'" (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006))).

[22] *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-1238 JS WDW, 2014 WL 2945741, at *5 (E.D.N.Y. June 30, 2014).

[23] *See* Compl. ¶¶ 234-327.

[24] *See* Compl. ¶ 234; and 326 [sic].

[25] *See* Compl. ¶ 331

deductions indicate that the past and future costs of medical care – care which Plaintiffs claim is required for thousands of class members – is likely to exceed five million dollars ($5,000,000) alone. When considered in conjunction with other relief sought, such as remediation, compensation for diminution of property value, and particularly, punitive damages, it is undeniable that the amount in controversy exceeds five million dollars ($5,000,000). .[26]

17. Although National Foam denies that Plaintiffs are entitled to recover any amount, and specifically denies that Plaintiffs are entitled to the relief in the various forms sought, the allegations present more than a "reasonable probability" that Plaintiffs' claims amount to more than $5,000,000, exclusive of interest and costs. Indeed in Notices of Claim filed with Defendant County of Suffolk, the Named Plaintiffs represent that they have suffered damages of more than twenty million dollars ($20,000,000), ten million for plaintiff Singer and ten million for plaintiffs Valentin.[27] Accordingly, the amount in controversy requirement is satisfied.

C. **National Foam Has Satisfied the Procedural Requirements for Removal under 28 U.S.C. § 1446.**

18. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

19. The United States District Court for the Eastern District of New York embraces the county in which the state court action is now pending. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1446(a).

---

[26] *See, e.g., Abdale v. N. Shore-Long Island Jewish Health Sys.*, No. 13-CV-1238(JS)(WDW), 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) ("[I]t is hard to see how the amount-in-controversy does not exceed $5 million in actual damages and equitable relief" where claimed damages for putative class of "thousands" includes losses, cost and expense of credit monitoring, and establishment and oversight of credit monitoring program.).

[27] Notices of Claim filed with Defendant County of Suffolk by certain Named Plaintiffs reveal claims for damages in the sum of ten million dollars ($10,000,000) each. *See e.g.* Notice of Claim ¶ 4, *In the Matter of the Claim of Diane Singer, Brian Valentin and Kelly Valentin, against County of Suffolk* ([DATE]), attached hereto as **Exhibit E**.

6

20. As discussed *supra* in Section B, CAFA vests in this Court original jurisdiction over this action based on diversity.

21. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Supreme Court of New York for Suffolk County and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Defendant National Foam, Inc. respectfully requests that the above-captioned action be removed from the Supreme Court of New York for Suffolk County, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated this 29th day of November, 2017.

        Respectfully submitted,

        /s/ Keith E. Smith
        Keith Edward Smith, Esq.
        ECKERT SEAMANS CHERIN & MELLOTT, LLC
        10 Bank St., Suite 700
        White Plains, NY 10606
        Telephone: 914-949-2909
        Facsimile: 914-949-5424
        ksmith@eckertseamans.com

        *Attorneys for Defendant,*
        *National Foam, Inc.*